967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Adolfo ESTRADA, Defendant/Appellant.
 No. 89-50502.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 15, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Adolfo Estrada appeals his conviction by conditional guilty plea for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred by denying his motion to suppress evidence because his warrantless arrest was not supported by probable cause. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's finding that probable cause supported the arrest. United States v. Klein, 860 F.2d 1489, 1492 (9th Cir.1988). We review underlying factual findings for clear error. Id. at 1492-93.
 
 I.
 
 4
 The facts are undisputed. In November 1988 a confidential informant told the police that an individual named Miguel Libutti was involved in dealing large quantities of cocaine in California and Hawaii. The informant stated that Libutti often allowed his Colombian "friends" to stay at his residence in Woodland Hills, California, and that Libutti, Myron Keene and "numerous Colombians" used Libutti's garage to store cocaine. On February 8, 1989, the informant told the police that a significant cocaine transaction was about to occur at Libutti's residence.
 
 
 5
 While staking out the residence on February 14, 1989, the police watched Myron Keene walk to the garage and drive away in a van. The officers followed the van until Keene stopped and got out of the van. They then approached Keene, who gave them permission to search the van. The officers found 437 kilograms of cocaine.
 
 
 6
 Shortly after the van left the house, one of the officers saw a taxicab pull into Libutti's driveway and pick up three passengers. Having been informed of the cocaine found in the van, the officer stopped the cab and arrested the three passengers, including the defendant-appellant, Adolfo Estrada. While searching the cab, the police found narcotics ledgers, $80,000 in cash and two portable cellular phones. Estrada subsequently waived his Miranda rights and made several incriminating statements. He admitted that he had been "sitting on" the house from which the dope-laden truck had emerged.
 
 II.
 
 7
 On March 2, 1989, Estrada and four co-defendants were charged in a two-count indictment with conspiracy to possess with intent to distribute and to distribute over five kilograms of cocaine (count one), and with possession with intent to distribute 437 kilograms of cocaine (count two). Estrada subsequently filed a motion to suppress the evidence seized from the cab and the statements made incident to his arrest. He claimed that the police did not have probable cause to stop the cab and to arrest the passengers. Finding probable cause for the warrantless arrests, the district court denied the motion on May 24, 1989. The court stated:
 
 
 8
 All right. Cab was seized, There at Cerrillos, right? the address. And the officers knew that a large quantity of cocaine had been seized by this time. And they then observed the cab drive away carrying three passengers. So they stopped the cab and these three passengers came out of the house there....
 
 
 9
 Now there's certainly probable cause to look into that luggage. And there's no reasonable expectation of privacy that any of [them] have sitting in a cab like that, coming out of a drug house.
 
 
 10
 ....
 
 
 11
 Not only that, but the fact this is a drug house. They start from--drugs had been found in the van. All other things we've heard here, when we put it all together, look at the total picture, as the Supreme Court has said, the totality of the picture, no doubt in my book, there's probable cause to stop the cab and to search those--and to arrest those three people in it.
 
 
 12
 R.T. 5/23/89, at 150-51; Govt.E.R. at 10-11.
 
 
 13
 On May 25, 1989, Estrada entered a conditional plea of guilty to count two, reserving the right to appeal the court's denial of his motion to suppress. The district court sentenced him to 136 months imprisonment, followed by five years of supervised release. In this appeal, Estrada argues that the district court erred in failing to suppress the fruits of his illegal arrest. He contends that his mere association with persons engaging in criminal drug activity was insufficient to establish probable cause to stop the cab and to arrest him and the other occupants.
 
 III.
 
 14
 A warrantless arrest comports with the Fourth Amendment "only if, at the moment of arrest, facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." United States v. Pinion, 800 F.2d 976, 979 (9th Cir.1986), cert. denied, 480 U.S. 936 (1987).
 
 
 15
 A suspect's mere association with criminals is insufficient to establish probable cause. Additional circumstances also must have existed from which it was reasonable to infer that the suspect had committed a crime. United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984) (citing Ybarra v. Illinois, 444 U.S. 85, 89, 91 (1979)). Important considerations in assessing the significance of the association include whether the crime was contemporaneous with the association and whether the criminal activity could not normally have been carried out without the knowledge of all persons present. United States v. Baron, 860 F.2d 911, 917 (9th Cir.1988), cert. denied, 490 U.S. 1040 (1989) (probable cause found where suspect seen associating with cocaine traffickers "under circumstances in which she must have known that they were discussing the cocaine and the police surveillance"); Hillison, 733 F.2d at 697-98 (probable cause found where suspect (1) closely associated for two days with cocaine traffickers while they committed crimes and (2) rented car and motel room under different names). Information given by an informant also may support probable cause if the informant's statements have been independently corroborated. Klein, 860 F.2d at 1493 (citing Illinois v. Gates, 462 U.S. 213, 243-46 (1983)).
 
 IV.
 
 16
 We believe that the government showed more than mere association with criminals here. Because Estrada was associated with Keene when Keene possessed the cocaine, we believe that the teachings of Baron apply. See 860 F.2d at 917. The confidential informant's statements were corroborated by Keene's actions and other events. See Klein, 860 F.2d at 1493. Because the informant said that people other than Libutti and Keene stayed at Libutti's house and knew about the cocaine operation, it was reasonable for the police to believe that Estrada, who left the house soon after Keene, played a part in the operation. See Pinion, 800 F.2d at 979. The timing of Estrada's association and the additional circumstance of the informant's information established probable cause for the arrest. See Hillison, 733 F.2d at 697.
 
 
 17
 Accordingly, the district court did not err by denying Estrada's suppression motion.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3